# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40499** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Nathaniel A. CASILLAS** | ) | |
| **Master Sergeant (E-7)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Special Panel** |

Appellant's case was docketed with the court on 14 December 2023.

On 29 August 2024, counsel for Appellant submitted a Consent Motion to Examine Sealed Materials, which this court granted on 5 September 2024. During this court's review of the record in response to this motion, the court discovered that Preliminary Hearing Officer (PHO) Exhibits 16 and 17 were not in the record of trial. In our 5 September 2024 order, we directed the Government "to ensure Appellant's record of trial contain[ed] PHO Exhibits 16 and 17 by coordinating with the base legal office and the Appellate Records Branch (JAJM) to ensure proper delivery of the sealed PHO Exhibits 16 and 17 for inclusion into the original record of trial maintained by the court."

On 9 September 2024, Appellant filed a Motion for Leave to File Motion for Remand and Motion for Remand. Appellant noted that the record of trial includes two discs containing audio recordings of the open session proceedings in his court-martial.* Appellant further notes, that although one disc from the record of trial includes "Arraignment" in its label, it does not actually contain an audio recording of the arraignment proceedings on 26 April 2022. Appellant requests this court remand the record of trial to correct the PHO exhibits and the missing audio recording of the arraignment.

On 16 September 2024, the Government responded to Appellant's motions related to the remand and opposed the Appellant's motion for leave to file a motion to remand and the motion to remand, stating that "remand is not appropriate in this case." The Government argues that while the audio of Appellant's 26 April 2022 arraignment is not included in the record of trial, "the

---

* Appellant's motion explains that "[o]ne of the discs contains audio recordings of the open sessions from 27 February to 5 March 2023, while the second disc contains audio recordings of the open sessions from 14–15, 19–20, and 24 September 2022. Neither disc includes the audio from the arraignment on 26 April 2022." (Citations omitted).

arraignment was transcribed and is included in full in the verbatim transcript of proceedings contained in the [record of trial]." In this response, the Government also informed the court that government appellate counsel contacted the base legal office to address the omission of the audio. On 12 September 2024, the base legal office provided an audio file to appellate government counsel and was to provide a signed declaration, detailing how the file was retrieved and verifying its authenticity, in response to Appellant's motion, accompanied by the audio file. The Government further informed the court that it intended to then file a motion to attach the omitted audio to the record of trial.

On 17 September 2024, the Government moved this court to attach two matters to the record of trial: (1) an affidavit by a noncommissioned officer of the base legal office explaining the manner in which the audio was retrieved; and (2) the arraignment audio of Appellant's trial, dated 26 April 2022. The opposition period for this motion had not expired yet.

On 18 September 2024, Appellant also moved this court to grant Appellant's Motion for Enlargement of Time (Twelfth) and acknowledged that if Motion for Remand is granted, it will moot this motion for an enlargement of time. On 20 September 2024, the Government opposed this motion.

Without determining that the omission of the audio is a substantial omission, the court finds that this omission, combined with the missing PHO exhibits, merit a brief remand to ensure accuracy of Appellant's record moving forward.

Accordingly, it is by the court on this 24th day of September, 2024,

**ORDERED:**

Appellant's Motion for Leave to File Motion for Remand and Motion for Remand are **GRANTED**.

The record of trial in Appellant's case is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the above-described matters, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **15 October 2024.** If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **15 October 2024** of the status of the Government's compliance with this order.

**It is further ordered:**

The Government's Motion to Attach Document, dated 17 September 2024, is **DENIED**.

Additionally, Appellant's Motion for Enlargement of Time (Twelfth), dated 18 September 2024, is **MOOT**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court